150 513
168 429

MOSHER T. GREENE *et al.*

*v.*

THE PEOPLE *ex rel.* Charles W. Pavey, Auditor.

*Filed at Ottawa June 19, 1894.*

CORPORATION—*individuals usurping corporate powers.* An association or number of persons in the business of insurance, by professedly limiting their liability to the amount of money contributed by each, and assuming to give perpetuity to the business by making membership certificates transferable by the assignment of the member or his personal representatives, will thereby act as a corporation, and will be liable to judgment of ouster. And the fact that such persons may be held individually liable upon policies of insurance which they may have issued, will not relieve them of the charge of having acted as a corporation.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Messrs. SMITH & PENCE, and Mr. JOHN M. HARLAN, for the appellants.

Mr. GEORGE HUNT, Attorney General, for the appellee.

Per CURIAM: Petition for rehearing having been granted, this cause has again been subjected to consideration. While, perhaps, an opinion treating of the points made by the petition might with propriety be filed, it could serve no good purpose, as the same conclusion must, in the end, be reached. We therefore re-adopt the opinion of Mr. Justice SCHOLFIELD as the opinion of the court, and it will be refiled accordingly :

SCHOLFIELD, J. : "The question here is, whether, under the facts presented by this record, 'any association or number of persons is acting within this State as a corporation without being legally incorporated.' If they are, the judgment below is authorized by our statute entitled 'Quo Warranto,' (chap.

33—150 ILL.

112, Rev. Stat. 1874, p. 787,) and must be affirmed, otherwise it must be reversed.

"We think it clear that in two respects, at least, these respondents are acting as a corporation, and it is not pretended that they are, actually, incorporated, namely: First, in professedly limiting their liability to the amount of money contributed by each; second, in assuming to give perpetuity to the business by making membership certificates transferable by the assignment of the member or his personal representatives. It may be, as contended by counsel, that individuals may insure property against loss by fire. They can not limit their liability to any given amount of capital they choose to set apart for that purpose, nor can they perpetuate the business, without change of capital, beyond their own lives, indefinitely. These things can only be done by a corporation. Angell & Ames on Corporations, (9th ed.) sec. 41; 2 Kent's Com. (8th ed.) 296, *268; Parsons on Partnership, p. 544; Gow on Partnership, (2d Am. ed.) 17.

"The fact that these respondents may be legally held individually liable upon any policies they may have issued, does not relieve them of the charge of having acted as a corporation. They are, if individually liable, only liable because they have no statutory authority to do what they have assumed to do,—because, instead of being a corporation in fact, they have usurped the powers of a corporation. Were we to hold that these respondents can do, without any legislative authority, what they here assume to do, our insurance laws ought to be repealed, for individuals then, by organizing in this manner, could escape both individual and corporate liability beyond the amount of assets they might choose to place in the hands of their trustee as the basis of their liability. No public officer could investigate whether the amount is in fact paid in, how it is invested or how secured, and the public would thus have practically no protection against dishonest companies. These respondents, if they will carry on the business

of insurance, must either openly act upon their responsibility, as individuals, or they must become incorporated, and subject themselves to the laws governing such corporations.

"The judgment is affirmed."

*Judgment affirmed.*